FILED
United States Court of Appeals
Tenth Circuit

December 15, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

QI HUI CHEN; YIYAO LI CHEN,

        Petitioners,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 10-9590
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

---

Qi Hui Chen and his son, Yiyao Li Chen, natives and citizens of China,

petition for review of the Board of Immigration Appeals' (BIA) decisions

affirming the Immigration Judge's (IJ) decision to deny their requests for asylum

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and restriction on removal.[1]  Exercising our jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

## I.  Background

Qi Hui Chen (Qi Hui) arrived in the United States in January 1997.  He submitted his asylum application in September 2006.  Yiyao Li Chen (Yiyao Li) came to the United States in October 2004.  He submitted his asylum application in December 2007.

Qi Hui sought asylum and restriction on removal based on his political opinion and membership in a particular social group.[2]  His application was based on his opposition to the family-planning policy in China.  He stated that his wife was forcibly sterilized after the birth of their second child in 1984.  Qi Hui testified that he spoke out against the Chinese family-planning policies because he was angered by the abortions that three of his neighbors had been forced to undergo.

He further testified that after speaking out against the family-planning policies he was detained by village officials for three days.  He said that he was

---

[1]  The IJ also denied relief under the Convention Against Torture (CAT).  The Chens appealed that determination to the BIA and the BIA affirmed the IJ's decision.  In this appeal, the Chens have not sought review of the agency's determination that they are not entitled to relief under the CAT.

[2]  The BIA's decision also mentions Qi Hui's Christian religion.  The BIA noted, however, that Qi Hui did not allege that he was persecuted in China on account of his religion, and he did not demonstrate a well-founded fear of future persecution.  Qi Hui does not challenge this determination on appeal.

not given any food or water and that he was beaten during the detention. He explained that he was bruised after the beatings but did not require medical attention. The detention occurred in November 1996. Qi Hui left China for the United States in 1997.

Yiyao Li sought asylum and restriction on removal based on his political opinion.[3] Yiyao Li got married in July 2004. In September of that year, his wife was forced to undergo an abortion. He testified that he became upset after learning of the abortion and went to the village officials to denounce their actions and the birth control policy. He was arrested and detained for three days without food or water. He was beaten and suffered bruises on his legs and back. About a month later, he left China and came to the United States.

Qi Hui testified that, at the end of 2006, he and Yiyao Li sent a letter to their church in China suggesting that the church should not endorse the birth-control policy anymore. Qi Hui testified that a few weeks after they sent the letter, his wife received a notice accusing him and Yiyao Li of opposing the family-planning law. The letter instructed the Chens to surrender. When the Chens failed to surrender, village officials called in Qi Hui's wife for questioning.

---

[3] As it did with Qi Hui, the BIA mentioned Yiyao Li's Christian religion in its decision. It noted, however, that Yiyao Li did not allege that he was persecuted in China on account of his religion, and he had not demonstrated a well-founded fear of future persecution. Yiyao Li does not challenge this determination on appeal.

Qi Hui submitted an affidavit from his wife in which she stated that the officials threatened to "severely punish" her husband and son once they were caught. Admin. R. at 318.

## II. Procedural Background and Motion to Bifurcate

Although the Chens each filed their own asylum applications, they moved to consolidate their removal proceedings. The IJ held one hearing on both applications and issued one decision denying all forms of relief.

The Chens appealed to the BIA. The BIA affirmed the IJ's denial of relief, but it issued two separate decisions explaining that "[b]ecause of the different issues in the respondents cases, their records will be severed for administrative convenience." Admin. R. at 3 n.1, 483 n.1. The Chens filed one petition for review, listing both of their names in the caption but identifying Yiyao Li as a "rider" on the petition.

Before briefing in this appeal, the Chens filed an unopposed motion to bifurcate the petition for review based on counsel's conclusion that two separate petitions should have been filed. The Chens asserted that judicial economy would be served by having two single-party petitions that addressed the separate BIA decisions relating to each individual petitioner. The Chens noted that there should not be any jurisdictional problems in bifurcating the instant petition into two separate petitions because Yiyao Li was included as a rider on the initial petition for review.

Although we agree that the better practice would have been for the Chens to file separate petitions for review from the separate BIA decisions, under the circumstances in this case, it was sufficient to file a single petition for review and it is not in the interests of judicial economy to bifurcate the proceedings at this point. We reach this conclusion based upon the following considerations: (1) the petitioners are family members presenting related claims (although their claims for past persecution are based on different events, their claims for future persecution are based on the same event); (2) the IJ conducted a joint hearing on the claims and issued a single decision; (3) a single administrative record was compiled; (4) the BIA issued two decisions merely as a matter of administrative convenience; (5) there is no jurisdictional issue because the petition for review was filed within thirty days of the administrative decision and identified both petitioners as seeking review of the agency decision; and (6) the petitioners filed a joint brief on appeal. Accordingly, we deny the motion to bifurcate.

## III. Discussion

The BIA affirmed the IJ's decision in two, single-member brief orders. *See* Admin. R. at 1-5; 482-484. In these circumstances, the BIA's decisions are the final orders under review. *See Ritonga v. Holder*, 633 F.3d 971, 974 (10th Cir. 2011). "We review the BIA's legal determinations de novo, and its findings of fact under a substantial-evidence standard." *Niang v. Gonzales*, 422 F.3d 1187, 1196 (10th Cir. 2005).

To be eligible for asylum, an alien must first meet the definition of "refugee," which requires a showing of past persecution or "'a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Ba v. Mukasey*, 539 F.3d 1265, 1268 (10th Cir. 2008) (quoting 8 U.S.C. § 1101(a)(42)(A)). To be eligible for restriction on removal, an alien must show that he suffered past persecution or that it is more likely than not that he will be subject to future persecution if he is removed to the proposed country of removal.[4] 8 C.F.R. § 1208.16(b)(1), (2). "Persecution is the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive and must entail more than just restrictions or threats to life and liberty." *Ritonga*, 633 F.3d at 975 (quotation omitted).

A. Qi Hui

The BIA affirmed the IJ's determination that Qi Hui did not timely file his asylum application and that no exceptions to the filing deadline applied. Qi Hui does not challenge that determination on appeal.

---

[4] We have previously explained that the term "withholding of removal" was changed to "restriction on removal" as part of amendments made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub.L. No. 104-208, 100 Stat. 3009, and that "we use the statutory term *restriction on removal*," despite the fact that the regulations and the agency continue to use the term withholding of removal. *Ismaiel v. Mukasey*, 516 F.3d 1198, 1200 n.2 (10th Cir. 2008).

Although the BIA upheld the IJ's determination that Qi Hui's asylum application was untimely, it nevertheless considered his claim under the asylum standard, which has a lower threshold showing than restriction on removal, *see Ba*, 539 F.3d at 1271. The BIA agreed with the IJ that the "evidence of record is insufficient to demonstrate that [Qi Hui] suffered past persecution or has a well-founded fear of persecution on account of a protected ground." Admin. R. at 3. Because Qi Hui failed to meet the standard for asylum, he necessarily failed to meet the higher showing required for restriction on removal. *See id.*

Qi Hui first argues that we should consider the cumulative effects of the harm he suffered, citing to *Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009). He contends that the cumulative effect of his three-day detention–which included beatings and deprivation of food and water–and his wife's forced sterilization, constitute past persecution.

"In this circuit, the determination whether an alien has demonstrated persecution is a question of fact." *Ritonga*, 633 F.3d at 974 (quotation omitted). "The BIA's findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Niang*, 422 F.3d at 1196 (quotation omitted). Here, the BIA "agree[d] with the [IJ's] findings that, even if the evidence had established that [Qi Hui's] wife had suffered a forced sterilization, and [he] had demonstrated that he engaged in other

-7-

resistance [to the family-planning policy], he had failed to show that he experienced harm rising to the level of persecution." Admin. R. at 4.[5]

In similar circumstances, we have upheld the agency's determination that a brief detention and beating did not rise to the level of persecution. *See Kapcia v. INS*, 944 F.2d 702, 704, 708 (10th Cir. 1991) (concluding that alien's two-day detention that involved interrogation and beating did not rise to the level of past persecution). Likewise, in the *Ritonga* and *Witjaksono* cases, both of those petitioners, like Qi Hui, suffered minor injuries from a "lone occasion" when they were physically harmed; we concluded that those circumstances did not constitute persecution. *Ritonga*, 633 F.3d at 976; *Witjaksono*, 573 F.3d at 977. There is nothing in Qi Hui's case that compels a different conclusion.

As for his wife's sterilization, spouses are not per se eligible for relief based on the forced sterilization of the other spouse. *See Lin-Zheng v. Att'y Gen.*, 557 F.3d 147, 156-57 (3d Cir. 2009) (en banc); *Matter of J-S-*, 24 I. & N. Dec. 520, 537-38 (BIA 2008). Accordingly, the sterilization of Qi Hui's wife standing alone does not compel the conclusion that Qi Hui suffered persecution. Even considering the sterilization in conjunction with the detention and beatings, as the BIA did, the record does not compel the conclusion that a reasonable

---

[5]     We note that the IJ made an adverse credibility finding as part of its decision, but the BIA did not rely on that finding to affirm the denial of relief.

adjudicator would have reached a conclusion contrary to the BIA's determination that Qi Hui did not suffer harm rising to the level of persecution.

Qi Hui next contends he is eligible for restriction on removal because he demonstrated that it is more likely than not that he will be persecuted if he returns to China. The BIA, however, agreed with the IJ that the record evidence was insufficient to support Qi Hui's claim for future persecution. *See* Admin. R. at 4.

Qi Hui argues that "[t]he substantial evidence in the record demonstrates that his spouse was summoned to the village office for interrogation . . . [and] [o]fficials demanded that [Qi Hui] return to China in order to face punishment for his opposition to the family planning policy." Pet'r Br. at 18. Qi Hui further argues that "[t]he Agency seemed to ignore this aspect of [Qi Hui's] testimony in assessing his eligibility for [restriction on removal." *Id*.

While it is true that the BIA did not specifically mention this evidence, it was not required to do so. *See Hadjimehdigholi v. INS*, 49 F.3d 642, 648 n.2 (10th Cir. 1995) ("[T]he BIA is not required to discuss every piece of evidence when it renders a decision."). "[A]ll that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." *Id*. (quotation omitted). We see nothing in the BIA's decision that indicates it failed to consider this evidence. Rather, the BIA agreed with the IJ that the record evidence was insufficient to establish a well-founded fear of persecution. The record does not compel the conclusion that a reasonable

adjudicator would reach a decision contrary to the BIA's determination. *See*

*Niang*, 422 F.3d at 1196.

### B. Yiyao Li

The BIA affirmed the IJ's determination that Yiyao Li was not eligible for

asylum[6] or restriction on removal. The IJ found that Yiyao Li was not credible,

but explained that regardless of whether he was credible, his claims were not

sufficient to qualify for asylum or restriction on removal. The BIA upheld the

IJ's adverse credibility finding, but also "agreed with the [IJ] that the evidence of

record is insufficient to demonstrate that [Yiyao Li] suffered past persecution or

has a well-founded fear of persecution on account of a protected ground."

Admin. R. at 484.

Yiyao Li first challenges the BIA's decision to uphold the IJ's adverse

credibility finding. We need not reach that challenge, however, because we can

affirm the BIA's decision on the merits of Yiyao Li's application for relief. The

incidents giving rise to Yiyao Li's claim of past persecution are very similar to

those described by Qi Hui: a three-day detention that included beatings and being

deprived of food and water. Yiyao Li also relies on his wife's forced abortion

(which is similar to Qi Hui's wife's forced sterilization). As discussed above

with respect to Qi Hui's claim for past persecution, these incidents would not

---

[6]     Unlike Qi Hui, the IJ concluded that Yiyao Li's asylum application was
not time-barred and allowed Yiyao Li to proceed with that claim.

compel a reasonable adjudicator to reach a conclusion contrary to the BIA's determination that Yiyao Li did not suffer past persecution.

Yiyao Li's claim for future persecution likewise fails. His claim is based on the same evidence referenced by Qi Hui that "officials demanded that he return to China to face punishment for his opposition to the family planning policy." Pet'r Br. at 23. Again, the record does not compel the conclusion that a reasonable adjudicator would reach a decision contrary to the BIA's determination that Yiyao Li failed to establish a well-founded fear of future persecution.

## IV. Conclusion

The petition for review is DENIED. The motion to bifurcate is DENIED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

-11-